**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RODRIGO ARMAND, <br><br> Plaintiffs, <br><br> v. <br><br> Richard Marin, Individually and in his capacity as Partner; Fredric Goodman, Individually and in his capacity as Partner; Shirley Jules; MARIN GOODMAN, LLP; John Doe, <br><br> Defendants. | 17-CV-9725 (CS) |

**DEFENDANTS' JOINT MEMORANDUM IN REPLY**

On the brief:
Russell S. Jamison, Esq. (RSJ 1360)
Richard P. Marin, Esq. (RPM 5116)
Fredric B. Goodman, Esq. (FBG 9351)

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................................ iii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    Plaintiff's Discrimination Claims Are Frivolous .......................................................... 2
    II.   Plaintiff's Claims under Title VII are Time Barred ..................................................... 4
    III.  Plaintiff Admits the Time Limitations of the Discrimination Claims ......................... 6
    IV.  Plaintiff's Fourth Cause of Action for Defamation is Time-Barred ............................. 6
    V.   The Alleged Defamatory Statements were Privileged ................................................ 8
        a. ...... The alleged defamatory statements are protected by the common interest privilege. ............................................................................................................................................. 8
        b.     Statements made during of the Unemployment Hearing are protected by the absolute privilege. ............................................................................................................... 9

# **TABLE OF AUTHORITIES**

### CASES

Deutsche Asset Mgmt. v. Callaghan, 2004 U.S. Dist. LEXIS 5945 (SDNY 2004) ---------------- 7

Drescher v. Shatkin, 280 F.3d 201 (2d Cir 2002) ---------------------------------------------------- 6

Grayson v. Ressler & Ressler, 271 F. Supp. 3d 501 (SDNY 2017). --------------------------------- 9

Keller v. Niskayuna Consol. Fire Dist., 151 F.Supp 2d 223 (NDNY 1999) ------------------------ 6

Kern v. City of Rochester, 93 F.3d 38 (2d Cir 1996) ------------------------------------------------- 6

Kitchner v. New York, 82 Misc. 2d 858 (Ct. of Claims 1975) ---------------------------------------10

Koplow v. Watson, 751 F. Supp. 2d 317 (U.S. Dist. Ct. MA 2010) --------------------------------- 5

Norris v Seatrain Shipbuilding Corp., 1992 US Dist. LEXIS 6349 (SDNY Mar. 20, 1992) ------10

Park Knoll Associates v. Schmidt, 59 N.Y.2d 205 (1983) --------------------------------------------10

Ramsaran v. Abraham, 2017 U.S. Dist. LEXIS 47751, 2017 WL 1194482 (SDNY Mar. 30, 2017 -------------------------------------------------------------------------------------------------------- 9

Thai v. Cayre Group, Ltd., 726 F. Supp. 2d 323 (SDNY 2010) -------------------------------------- 9

Weldy v. Piedmont Airlines, Inc., 985 F.2d 57 (2d Cir. 1993) --------------------------------------- 8

Yukos Capital S.A.R.L. v. Feldman, 2016 U.S. Dist. LEXIS 125287, 2016 WL 4940200 (SDNY Sept. 14, 2016) ------------------------------------------------------------------------------------------ 9

### STATUTES

42 U.S.C. §1981 ------------------------------------------------------------------------------------- 1, 3, 6

CPLR §215 ---------------------------------------------------------------------------------------------- 7

New York Executive Law Section 296 -------------------------------------------------------------- 1

NYC Administrative Code 8-107.1 ------------------------------------------------------------------ 2

Title VII ------------------------------------------------------------------------------------- 1, 3, 4, 6

### RULES

FRCP Rule 15 --------------------------------------------------------------------------------------- 4, 5

FRE 201 ---------------------------------------------------------------------------------------------- 8

## INTRODUCTION

Defendants jointly submit this Reply in further support of their Joint Motion to dismiss Plaintiff's lawsuit. As previously noted, Plaintiff's Second Amended Complaint contains four Causes of Action against <u>all</u> defendants: discrimination under NY Executive Law Section 296(1); 42 U.S.C. §1981; and Title VII, and defamation.

Plaintiff's opposition highlights the frivolous nature of his claims. With respect to the discrimination claims against Defendant Shirley Jules, incredulously, Plaintiff now states that they were never actually asserted in the pleadings! However, these claims are expressly alleged in each of plaintiff's Complaints. In fact, Defendants requested and the Court inquired at the pre-motion Conference on August 8, 2018 whether Plaintiff would withdraw the claims prior to filing the amended pleading, but Plaintiff declined and now boldly reasserted discrimination claims in the Second Amended Complaint. In his opposition papers, Plaintiff even threatens to file more discrimination claims against Ms. Jules in the future. Similarly, despite having sued the individual Defendants *individually* under Title VII, Plaintiff admits that individuals can have no individual liability under Title VII, yet argues that the claim is not improper because, Defendants Richard Marin and Fredric Goodman were not really sued as individuals but as "partners." Moreover, contrary to the plain language used in his pleadings (Ex. C, ¶161)[1], Plaintiff now argues he did "not assert a defamation claim against Fredric Goodman, individually." (Pl. Memo at p. 15). Defendant Goodman is thus entitled to an Order of dismissal, individually.

---

[1] Citations herein to Ex. __ refer to the January 9, 2019 Affirmation of Russell S. Jamison.

1

Plaintiff even admits that his racial discrimination claims are limited by law to acts occurring 3 or 4 years prior to filing. Yet Plaintiff's pleadings contain alleged acts of discrimination spanning his entire 8 year work history.

Plaintiff also fails to establish that his defamation claims are not barred by the Statute of Limitations or that the statements at issue in the defamation claim are not protected by both qualified and absolute privileges.

Plaintiff's discrimination claims should also be dismissed because they do not pass the "plausibility" test.[2]  Essentially, Plaintiff's claim is that the two partners hired Plaintiff, who had no relevant experience, then designed a secret scheme based on their racial prejudice to actively prevent Plaintiff from meeting his billing requirements (at the firm's expense). Eight years later they fired him, but not before conspiring with a female attorney and office manager to falsely accuse him of videotaping under their desks. (The implausible nature of the theory is revealed by emails about one of the incidents authored eight months prior to Plaintiff's firing.[Ex. E])[3]. The fact that Plaintiff was the only attorney in the firm who received a raise in his last 3 years of employment, which was a 25% increase, belies his entire claim.  *See*, Defendants' Mem., p. 23.

## ARGUMENT

### I.     Plaintiff's Discrimination Claims Are Frivolous

Across multiple Complaints, Plaintiff has continually asserted claims for discrimination against Ms. Jules under State and Federal law.  At the August 8, 2018 post-mediation/pre-motion conference, in response to Defendant Jules' repeated objections to the merits of the

---

[2] In order to survive a motion to dismiss on a §1981 claim, a plaintiff alleging racial discrimination must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent. *Yusuf v Vassar Coll.*, 35 F3d 709 (2d Cir 1994). (conclusory allegations that certain actions had to be the result of discrimination as opposed to another reason warranted dismissal)

[3] Although Plaintiff submits a "Book of Exhibits" from the Unemployment Hearing, the two "smoking gun" emails, jointly marked as Hearing Examiner Ex. 1, were conveniently omitted.

discrimination claims, Plaintiff's counsel was asked by the Court whether he would withdraw said claims. Counsel refused to consent to the dismissal in Court but agreed to "review" the merits prior to filing his Second Amended Complaint.

Nonetheless, the same frivolous claims against Ms. Jules were repeated thereafter on August 29, 2018 in the Second Amended Complaint (Ex. C, ¶¶157-159). Plaintiff apparently ignored the prevailing law as cited in Defendants' moving Memorandum. The discrimination claims against Ms. Jules should be dismissed and it is respectively submitted that Rule 11 sanctions should be assessed against Plaintiff and attorneys' fees awarded due to these claims.

Plaintiff's Memorandum admits that there is no recognized cause of action for individual liability for discrimination against Ms. Jules (*Id*., pp. 7-9). Yet each of Plaintiff's Complaints contain discrimination claims. (*See*, *e.g*, Ex. A, ¶¶43-53; Ex. C, ¶¶151-163, each of which refers to all "Defendants" collectively). In his Memorandum, Plaintiff misrepresents his own Complaints arguing that "Plaintiff has no claim of race discrimination against Defendant Shirley Jules under New York Executive Law Section 296(1)" (Pl. Memo, p. 7); "Plaintiff does not assert a claim of discrimination against Shirley Jules under Title VII" (*Id*., pp. 7; 9); and "Plaintiff does not assert a claim against Shirley Jules Pursuant to 42 U.S.C. 1981" (*Id*., p. 8). Plaintiff's continued bad faith and harassment of Ms. Jules is further highlighted when, after conceding that Defendants were correct and Ms. Jules cannot be subject to individual liability for discrimination, Plaintiff still threatens *to bring additional claims against Jules* and other Defendants that aided and abetted her "once these matters are clarified after discovery." (Pl. Memo, p. 17). Plaintiff's current argument that these (baseless) claims were never made but that Plaintiff may make such (baseless) claims in the future is patently frivolous and retaliatory. Given the ample opportunities afforded to Plaintiff to withdraw these baseless claims prior to the

Second Amended Complaint and Defendants' Motion to Dismiss, it is respectfully submitted that sanctions against Plaintiff and the imposition of costs and attorneys' fees are warranted.

## II.      Plaintiff's Claims under Title VII are Time Barred

It is undisputed that Plaintiff's original Complaint filed December 12, 2017 does not contain a Title VII cause of action. In Plaintiff's opposition, Plaintiff clarifies that he received an EEOC Right to Sue letter on December 15, 2017. Accordingly, he had 90 days from December 15, 2017, i.e., March 15, 2018, to interpose a timely claim under Title VII. The first time Plaintiff interposed a Title VII claim in a properly served and filed document was when he filed the Second Amended Complaint on August 29, 2018, which is more than 90 days from receipt of the Right to Sue letter.

Plaintiff argues, however, that a Title VII claim was asserted in Paragraph 159 of a document labeled "Amended Complaint", which was filed on or about March 7, 2018. Regardless, that attempted pleading was a nullity and was always treated by the parties as a nullity. Indeed, under FRCP Rule 15, plaintiff can only amend his pleading once as a matter of course: (1) within 21 days after serving it; or (2) 21 days after service of a responsive pleading. In this case, the First Amended Complaint was neither served 21 days after the Original Complaint nor 21 days after service of Defendants' Answers. After service of the Complaint on or about March 6, 2018, Defendants requested, with the consent of Plaintiff, an extension of time to answer the Original Complaint until April 30, 2018. The Court granted that extension (Ex. D, Doc. 20). On April 30, 2018, Defendants answered the Original Complaint. (Ex. D, Doc. 23-26).

At the Court Conference held on August 8, 2018, Plaintiff requested, with Defendants' consent, to serve an Amended Complaint and did so on August 29, 2018. (Ex. D, ECF Doc. 20) All parties treated the First Amended Complaint as a nullity as it had not been legally interposed.

Undoubtedly, Plaintiff failed to serve the purported First Amended Complaint within 21 days after Defendants answered the Complaint on April 30, 2018. Plaintiff makes no argument he did so. Moreover, Plaintiff did not serve an amended complaint within 21 days after service of the Original Complaint. It is noted that Plaintiff filed a document with this Court on August 7, 2018 purporting to be an Affidavit (Ex. D, Doc. 34), which is neither dated nor notarized and therefore, must be treated as hearsay and not probative. The document claims that Defendants were simultaneously served with a copy of both the Complaint and the Amended Complaint on March 6, 2018. Even so, the purported Amended Complaint was still not served within 21 days after service of the Complaint as required by the express language of the Rule. As stated in *Koplow v. Watson*, 751 F. Supp. 2d 317 (U.S. Dist. Ct. MA 2010): "Although no case law on point exists, this court concludes that Plaintiff's complete failure to serve the Complaint on Defendants does not give Plaintiff free reign to amend the Complaint whenever he wishes."

Alternatively, Plaintiff's failure to serve the Complaint on Defendants triggers Rule 15(a)(2), which provides: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Here, Plaintiff sought neither Defendants' consent nor this Court's leave to amend his Original Complaint. Under either analysis, Plaintiff's Amended Complaint is barred by Rule 15(a).

Accordingly, Plaintiff's amendment to add a Title VII cause of action must be deemed to have occurred on August 29, 2018 (and not in March, 2018), which is well beyond the 90-day period following plaintiff's receipt of the Right to Sue letter. Plaintiff's reference to the initial but unauthorized attempt to amend the Complaint does not make his Title VII claim timely. Therefore, the Title VII claim against all Defendants must be dismissed.

Plaintiff also fails to legally proffer evidence that Marin Goodman, LLP had 15 or more "employees" as required to qualify as an employer under Title VII. Plaintiff ignores that independent contractors and Partners/Of Counsel who do not receive a salary and do not have a direct supervisor are not employees for Title VII purposes. *Keller v. Niskayuna Consol. Fire Dist.*, 151 F.Supp 2d 223, 227 (NDNY 1999); *Kern v. City of Rochester*, 93 F.3d 38 (2d Cir 1996); *Drescher v. Shatkin*, 280 F.3d 201 (2d Cir 2002).

Accordingly, for these three reasons, Plaintiff's Title VII claim must be dismissed.

### III. Plaintiff Admits the Time Limitations of the Discrimination Claims

Plaintiff admits that his 42 U.S.C. §1981, NY Exec. Law 296 and Title VII racial discrimination claims are limited by law to acts occurring respectively 4 years, 3 years and 300 days prior to the filing of the Complaint. (*See*, Defendant's Memorandum, p. 18). To the extent any of these claims survive dismissal, it is submitted that an Order limiting these claims to transactions within the applicable Statute of Limitations is warranted and the factual allegations of Plaintiff's pleadings from the time of his hire to the actionable time period should be stricken.

### IV. Plaintiff's Fourth Cause of Action for Defamation is Time-Barred

Plaintiff's Complaint seemingly alleges five general instances of defamation and his opposition papers fail to raise an issue why they should not all be dismissed. Each alleged defamatory statement either took place outside the applicable Statute of Limitations or is subject to a clear privilege defense. Moreover, Plaintiff fails to specifically allege the time and place of the statements. The failure to specify both the time and place of the alleged defamatory statements alone is fatal to Plaintiff's claim for defamation. *Deutsche Asset Mgmt. v. Callaghan*, 2004 U.S. Dist. LEXIS 5945 (SDNY 2004).

Further, it is well established that the statute of limitations applicable to defamation claims is one year (CPLR §215(3)), and generally accrues on the date of the first publication.

*Allen v Antal*, 665 F. App'x 9, 13 (2d Cir 2016). Plaintiff has made no attempt to argue that the single publication rule does not govern in New York.

As set forth in Point IX of Defendants' Memorandum, the initial report of Plaintiff's misconduct was made by Ms. Jules to Marin Goodman, LLP in October 2016. [Jules Aff.; Brozek Aff.]. Ms. Jules' dinner conversation with Irina Hovhannisyan took place on November 10, 2016. [Jules Aff.; Irina Aff.] Defendants further submit that Plaintiff waived any objection to consideration of these Affidavits by himself submitting photos and an Affidavit to impeach Ms. Hovhannisyan.

In this regard, even in the event the Court does not consider the Affidavits submitted by Defendants, Plaintiff still admits that Ms. Jules initially reported the incidents of misconduct at the end of October 2016 to colleagues at the firm (Ex. C, ¶139) and then on December 12, 2016, "**repeated** and spread the false accusations against Plaintiff to Defendant Marin." (*Id.*, ¶107). Plaintiff's Rule 26 disclosure also contains no evidence that any publications were made within the limitations period. Additionally, during the Unemployment Hearing, Ms. Jules testified that she first reported Plaintiff's misconduct to Marin Goodman LLP in October 2016 and that Ms. Hovhannisyan and Ms. Jules first discussed Plaintiff's penchant for surreptitious recordings in November 2016. (This Court can consider the transcript of the Hearing as the Hearing testimony was explicitly relied upon by Plaintiff in his pleadings as it serves as the basis for multiple allegations. FRE 201). Also, Plaintiff filed the action on December 12, 2017 after the filing was rejected by the Court on December 11, 2017[4], which, in any case, was beyond the one-year Statute of Limitations regarding Ms. Jules' alleged defamation under the single publication rule.

---

[4] Although Plaintiff argues he filed his Original Complaint on December 11, 2017, the Docket reveals that on December 11, 2017, the Complaint was rejected due to a "FILING ERROR - DEFICIENT PLEADING " and on December 12, 2017, the Court Clerk gave notice to

7

Mr. Marin's investigation into Plaintiff's conduct undisputedly began on December 12, 2016 and resulted in separate communications between him and Irina Hovhannisyan and Faye McFarlane. It is respectfully submitted that any claim for defamation against Mr. Marin and the firm would still fall outside of the Statute of Limitations based on the December 12, 2017 filing date. Accordingly, Plaintiff's defamation claim is untimely and must be dismissed.

### V.     The Alleged Defamatory Statements were Privileged

**a.     The alleged defamatory statements are protected by the common interest privilege.**

Plaintiff admits that the statements made in the course of investigating Plaintiff's misconduct are protected by the qualified privilege of common interest, and accurately states the burden shifting analysis associated with the privilege and how it creates a "rebuttable presumption of good faith that may constitute a complete defense." *Weldy v. Piedmont Airlines, Inc.*, 985 F.2d 57, 62 (2d Cir. 1993). On a Motion to Dismiss, Plaintiff must show through factual arguments that defendant abused the privilege by acting with common law malice or constitutional malice. "Common-law malice mean[s] spite or ill will, and will defeat the privilege only if it is the one and only cause for the publication." (*Fuji Photo Film U.S.A., Inc. v McNulty*, 669 F Supp 2d 405, 412 [SDNY 2009].) "Constitutional or actual malice means publication with [a] high degree of awareness of [the publication's] probable falsity or while the defendant in fact entertained serious doubts as to the truth of [the] publication." *Id.* Plaintiff has made no argument against the fact that he admitted he would record Defendant Jules; that to do so he would have his phone in his hand; and he would place that hand underneath Defendant Jules's desk. In fact, he admitted such under oath at the Unemployment Hearing (Ex. F, p.23). It was entirely reasonable for Ms. Jules to assume that the Plaintiff was recording her because he

---

Plaintiff that the "filing is deficient" for certain specific reasons which required Plaintiff to refile the Complaint. (Ex. D, ECF Doc. 1).

actually was, and his bare, conclusory allegations of malice are insufficient to prove that Ms. Jules's reasonable conclusions were the product of malice[5]. Plaintiff must actually plead "facts suggestive enough to warrant discovery." *Yukos Capital S.A.R.L. v. Feldman*, 2016 U.S. Dist. LEXIS 125287, 2016 WL 4940200 at 8 (SDNY Sept. 14, 2016); *Grayson v. Ressler & Ressler*, 271 F Supp. 3d 501, 515 (SDNY 2017). Here, Plaintiff only offers speculation and conjecture that Ms. Jules lied to defame Plaintiff. Such conclusory allegations are insufficient by law. *Ramsaran v. Abraham*, 2017 U.S. Dist. LEXIS 47751, 2017 WL 1194482 at 6 (SDNY Mar. 30, 2017) ("Mere conclusory allegations, or charges based upon surmise, conjecture, and suspicion are insufficient to defeat the qualified privilege.")

Defendants Marin Goodman LLP and Richard Marin are also protected by the common interest privilege for statements made in the course of investigating the sexual misconduct of one of its employees. These Defendants received a credible accusation of sexual misconduct and limited their discussions to those with information related to additional sexual misconduct. Plaintiff offers no factual argument to rebut this claim. Instead, he again offers vague allegations that unidentified "former employees" were consulted on some unidentified date and speculates that it must have been for the purpose of defamation. Plaintiff's failure to provide actual facts suggestive enough to warrant discovery is a concession that the common interest privilege applies and that the Fourth Cause of Action for Defamation should be dismissed.

**b. Statements made during of the Unemployment Hearing are protected by the absolute privilege.**

Astonishingly, Plaintiff continues to argue that testimony given by Ms. Jules and Mr. Marin in the course of the Unemployment Hearing constitutes defamation. Plaintiff admits that

---

[5] The ALJ held that the "credible evidence" established that Marin Goodman discharged Plaintiff after concluding he attempted to inappropriately record under coworkers' desks, as opposed to discrimination. [Pl. Ex. 4]

such statements were limited to unemployment authorities. (Ex. C, ¶120). In his opposition, Plaintiff simply ignores the longstanding legal precedent that statements made by a witness or attorney in the context of an unemployment benefits hearing are absolutely privileged and cannot constitute libel. *Kitchner v. New York*, 82 Misc. 2d 858, 860-61 (Ct. of Claims 1975); *Park Knoll Associates v. Schmidt*, 59 N.Y.2d 205 (1983), rev'g, 454 N.Y.S.2d 901 (2d Dept 1982) (*absolute privilege for attorneys and witnesses in quasi-judicial proceedings; qualified privilege for others*); *Norris v Seatrain Shipbuilding Corp.*, 1992 US Dist. LEXIS 6349 (SDNY 1992).

Accordingly, all statements made by Defendants Jules, Marin and Marin Goodman, LLP are protected by either the common interest qualified privilege or absolute privilege and Plaintiff's Fourth Cause of Action for Defamation must be dismissed.

Dated: Harrison, New York
January 16, 2019

**MARIN GOODMAN, LLP**

| /s/*Russell S. Jamison* | /s/ *Richard P. Marin* | /s/ *Fredric B. Goodman* |
|---|---|---|
| Russell S. Jamison, Esq. | Richard P. Marin, Esq. | Fredric B. Goodman, Esq. |
| *Attorneys for Defendants,* | *Attorneys for Defendant,* | *Attorneys for Defendant,* |
| MARIN GOODMAN, LLP & SHIRLEY JULES | RICHARD MARIN | FREDRIC GOODMAN |

**TO:** THE LAW OFFICES OF ALBERT VAN-LARE, *Attorney for Plaintiff*, via ECF